# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD BUSH, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 09-4798 |
| v. | : | |
| CITY OF PHILADELPHIA<br>PHILADELPHIA POLICE DEPARTMENT, | : | |
| Defendants. | : | |

## MEMORANDUM

**Jones II, J.**                                                             February 4, 2010

On October 28, 2009, Plaintiff filed this *pro se* action against the City of Philadelphia (the "City") and the Philadelphia Police Department. The Complaint alleges that Defendants violated Plaintiff's civil rights by arresting him without probable cause. The City has moved to dismiss the Complaint and Plaintiff has moved for default judgment against Defendants. For the reasons set forth below, the City's Motion to Dismiss the Complaint (Dkt. No. 6) will be granted; Plaintiff's Request for Default and Default Judgment (Dkt. No. 5), Motion for Court to Sign Judgment under Rule 55 (Dkt. No. 7), and Motions to Amend (Dkt. Nos. 10, 12 and 13) will be denied.[1] In addition, Plaintiff's Motions to Grant Relief (Dkt. Nos. 9 and 11) will be denied as moot.[2]

---

[1] As discussed below, Plaintiff's "Amendment to Grant Relief" (Dkt. No. 12) and "Amendment of Rule 9(b)" (Dkt. No. 13) will be liberally construed as motions to amend Plaintiff's Complaint.

[2] It appears that both of Plaintiff's Motions to Grant Relief are identical.

**I.     BACKGROUND**

Plaintiff brings a claim under 42 U.S.C. § 1983 for the alleged violation of his right to be free from arrest without probable cause under the Fourth Amendment of the United States Constitution. Plaintiff argues there was no probable cause for his 1986 robbery arrest where it was based solely on a coerced witness identification elicited by Philadelphia police officers, who directed the witness to select Plaintiff from a photo line-up. *See* Compl.

However, Plaintiff frames his claim as a request for "Reconsideration of [the] Court Order" issued under the "Docket Number of Civil Complaint by Judge Anita Brody 04-5776." *Id.* at 1 and 4. On April 7, 2005, considering the same allegations as Plaintiff brings in this case, the Honorable Anita B. Brody dismissed Plaintiff's § 1983 claims against the City for malicious prosecution and unconstitutional conviction or imprisonment. *See Bush v. City of Philadelphia*, 367 F. Supp. 2d 722 (E.D. Pa. 2005). Plaintiff now explicitly asks the Court to revisit Judge Brody's decision.

The City was served on November 25, 2009.[3] On January 6, 2010, pursuant to Federal Rule of Civil Procedure 12(b)(6), the City moved to dismiss this action as barred by the statute of limitations and precluded under the doctrine of *res judicata*. On January 12, 2010, Plaintiff moved for default judgment. *See* Memorandum of Law in Support of the City's Motion ("Def.

---

[3]The Complaint and Summons were served by the United States Marshal for the Eastern District of Pennsylvania, pursuant to the Court's Order dated October 28, 2009 granting Plaintiff leave to proceed *in forma pauperis* (Dkt. No. 2). As the Court discusses below, *see infra*, Section II.A, the Philadelphia Police Department is an improper defendant. However, it was the *City's* summons that was returned unexecuted; the individual who accepted service on behalf of the Police Department indicated that "one copy was enough" and that he did not need to accept service on a second defendant. *See* Dkt. No. 4. Nonetheless, the City ultimately filed its appearance and Motion to Dismiss in this matter, indicating that in fact it intended to return the *Police Department's* summons, not the City's, as unexecuted.

Mem.") at 2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 because the arises under federal law.

## II. DISCUSSION

### A. The City's Motion to Dismiss

Before reaching the City's arguments, the Court must first dismiss the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia. *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005) (citing *Baldi v. City of Philadelphia*, 609 F. Supp. 162, 168 (E.D. Pa. 1985)). The Police Department may only be sued in the name of the City of Philadelphia:

> no [department of the City of Philadelphia] shall be taken to have had, since the passage of the act to which this is a supplement, a separate corporate existence and hereafter all suits growing out of their transactions ... shall be in the name of the city of Philadelphia.

*Gremo*, 363 F. Supp. 2d at 780-81 (citing PA. STAT. ANN. TIT. 53, § 16257 (West 1998)).[4] The Police Department is accordingly dismissed as a defendant in this action.

As to the claims against the City, the Court will first address the City's statute of limitations defense to the § 1983 claims, then discuss the City's assertion that Plaintiff's claims

---

[4]*See also DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); *Lynch v. City of Philadelphia*, Civ. A. No. 00-158, 2001 WL 752641, at *1 (E.D. Pa. June 29, 2001) (noting that "the Plaintiff's claim against the City of Philadelphia Police Department cannot proceed as it is not a separate legal entity that can be sued separately from the City of Philadelphia which is also a named Defendant") (citing *Atkinson v. City of Philadelphia*, Civ. A. No. 99-1541, 2000 WL 295106, at *2 (E.D. Pa. March 20, 2000)); *Dooley v. City of Philadelphia*, 153 F. Supp. 2d 628, 637 n.1 (E.D. Pa. 2001) (Philadelphia Police Department "is not a separate legal entity that can be sued apart from the City of Philadelphia") (citing *Atkinson*, 2000 WL 295106, at *2); *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 377 (E.D. Pa. 1995) (City of Philadelphia police and fire departments are not separate legal entities which may be sued).

are barred by the doctrine of *res judicata*.[5]

   1.   **Statute of Limitations**

The City argues that Plaintiff's claims are barred by the relevant statute of limitations because he failed to file his Complaint within two years of the date of the events giving rising to his cause of action. The Court agrees.

A § 1983 claim must comply with the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *see Springfield Township Sch. Dist. v. Knoll*, 471 U.S. 288 (1985) (relying on *Wilson*'s holding that "all § 1983 claims should be characterized for statute of limitations purposes as actions to recover damages for injuries to the person"). In Pennsylvania, such lawsuits must be filed within two years. 42 PA. CONST. STAT. § 5524. In a § 1983 action, the statute begins to run from the time the plaintiff "knew or should have known of the injury upon which its action is based." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Plaintiff's claim accrued in or around November 2003, the date on which he alleges he discovered that Philadelphia police officers violated his Fourth Amendment rights by coercing a

---

[5]In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). Because "the court must determine whether 'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief,' a claim may be dismissed only 'if it appears that the plaintiffs [can] prove no set of facts that would entitle them to relief.'" *Gremo*, 363 F. Supp. 2d at 780 (citing *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)). While it notes its obligation "to construe complaints so 'as to do substantial justice,' keeping in mind that *pro se* complaints in particular should be construed liberally," the Court bases its decision to dismiss on the ground that the facts alleged in the Complaint, even if true, fail to support Plaintiff's § 1983 claim against the City. *Alston v. Parker*, 363 F. 3d 229, 234 (3d Cir. 2004) (internal citations omitted).

4

witness to identify him as the perpetrator of a robbery. *See Bush*, 367 F. Supp. 2d at 724 ("On or about November 28, 2003, after speaking with the principal witness about the photograph identification, Bush filed a petition seeking post conviction relief, alleging newly discovered evidence."). Plaintiff does not allege any facts in his most recent Complaint that would justify tolling the limitations period, nor does he suggest that he did not in fact become aware of the violation of his rights until a later date. As a result, the Pennsylvania statute of limitations requires this claim to have been filed in or before November 2005. Plaintiff did not file this action until October 28, 2009, long after the expiration of the limitations period, and his claim must be dismissed with prejudice.

### 2. *Res Judicata*

In addition, the City moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) on the grounds that Plaintiff's claims were fully litigated in a prior action before Judge Brody of this Court. As noted above, in that case (docketed at No. 04-5776), Plaintiff brought suit against the City, as he does here. In her opinion dismissing Plaintiff's claims, Judge Brody set forth Plaintiff's allegations in great detail:

> In May 1986, Bush was convicted of robbery, conspiracy, and possession of an instrument of crime and was sentenced to five to twenty years of incarceration. At some point, Bush was released on parole. While on parole, he encountered the principal witness against him. She explained that she identified him only because the police showed her his picture and said that he was the person who robbed her. On or about November 28, 2003, after speaking with the principal witness about the photograph identification, Bush filed a petition seeking post conviction relief, alleging newly discovered evidence. According to the complaint, 'the Judge held a discovery hearing for the District Attorney to turn over exculpatory evidence, this evidence would have proved my innocence.' It is unclear from the complaint which court presided over the discovery hearing. Bush sought evidence that the police presented Bush's photograph to the principal witness and told her that Bush was the person that robbed her.

> Bush argues that the witness's statement to him about the photograph identification constituted newly discovered evidence. He also argues that the photograph identification was coerced and that the manner of the photograph identification was exculpatory evidence that the government was required to reveal to Bush. Bush argues that the photograph identification that the police used was unconstitutional and that the police violated the law by failing to give defense counsel exculpatory evidence.

*Bush*, 367 F. Supp. 2d at 724-25 (citations omitted). In light of this judicial record, the City now asserts that the current action is barred under the doctrine of *res judicata*.

Here too the Court agrees. Res judicata "requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 174 (3d Cir. 2009) (citing *EEOC v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990)).[6] As the City notes, "Plaintiff makes no attempt to conceal the fact that he is attempting to relitigate an issue that was previously raised and ruled upon by this Court" and "specifically asserts that he is seeking reconsideration of a matter that has been conclusively decided by the court." Def. Mem. at 4. Indeed, Judge Brody issued a final judgment on the merits of the same § 1983 claim (unconstitutional arrest due to lack of probable cause) against the same Defendant (City of Philadelphia) when she dismissed Plaintiff's complaint for failure to state a claim in the earlier case. Judge Brody's judgment on the merits in a case involving issues and parties identical to

---

[6] Collateral estoppel, on the other hand, requires of a previous determination that "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *United States v. 5 Unlabeled Boxes*, 572 F.3d at 174 (citing *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006). Collateral estoppel "customarily refers to issue preclusion, while *res judicata*, when used narrowly, refers to claim preclusion." *United States v. 5 Unlabeled Boxes*, 572 F.3d at 174. However, the Third Circuit has previously noted that "the preferred usage" of the term *res judicata* "encompasses both claim and issue preclusion." *United States v. 5 Unlabeled Boxes*, 572 F.3d at 174 (citing *Venuto v. Witco Corp.*, 117 F.3d 754, 758 n. 5 (3d Cir. 1997)).

those in the case before this Court meets the requirements for *res judicata*. For this reason, in addition to the expiration of the relevant statute of limitations, Plaintiff's Complaint will be dismissed with prejudice.

### B. Plaintiff's Motion for Default Judgment

Separately, Plaintiff contends he is entitled to default judgment against the City because it failed to file an answer within 20 days after it was served with the Summons and Complaint on November 25, 2009. At the time of service, Federal Rule of Civil Procedure 12(a) required a defendant to file an answer within 20 days after service of the summons and complaint.[7] As it did not serve its Motion to Dismiss until January 6, 2010, the City is technically in default because it failed to answer the Complaint within the time provided by Rule 12(a).[8]

However, the decision whether to enter a default judgment is a discretionary one. *See Young v. Beard*, 227 Fed. App'x 138, 142 (3d Cir. 2007) (citing *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 153 (3d Cir. 1986). Here, two factors weigh heavily in favor of denying Plaintiff's motion for a default judgment. First, as discussed above, Plaintiff's § 1983 claim is insufficient as a matter of law. *See Smith v. City of Philadelphia*, CIV. A. No. 89-8801, 1990 WL 33882, at *4 (E.D. Pa. March 26, 1990) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93

---

[7]As of December 1, 2009, a defendant must file an answer within 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12(a) (2009).

[8]Rule 55(a) requires the Clerk of Court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here the Clerk of Court declined to enter default since Plaintiff's request to do so was not signed by Plaintiff and service upon the City was unexecuted. *See supra*, n.2. Regardless, the Court does not deny Plaintiff's motion for default judgment on those grounds. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (emphasizing that the court must liberally construe the pleadings of a *pro se* litigant).

(9th Cir. 1980) (*per curiam*) (affirming denial of motion for a default judgment against defendants who were technically in default because plaintiff's claims lacked merit)); *Jones v. Goodman*, Civ. A. No. 91-7560, 1992 WL 97357, at *1 (E.D. Pa. May 1, 1992) (failure to state a claim precluded entry of default judgment); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (where a § 1983 claim was not stated, a default judgment could not be entered). Second, Plaintiff has made no showing that the City's failure to strictly comply with Rule 12(a) has resulted in any prejudice. *See Jones*, 1992 WL 97357 at *1 (citing *Smith*, 1990 WL 33882 at *4 (default judgment deemed inappropriate where defendant's failure to comply strictly with Rule 12(a) resulted in no prejudice to Plaintiff)); *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 319 (2d Cir. 1986) (noting that "district courts regularly exercise their discretion to deny technically valid motions for default"); *see, e.g., Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir. 1981) (10-day delay in responding to amended complaint would not lead to default). Given the insufficiency of Plaintiff's Complaint, Plaintiff is no different position now than he would have been had the City filed its Motion to Dismiss in a timely manner. For these reasons, the Court will deny Plaintiff's motion for a default judgment.

    **C.**    **Plaintiff's Motions to Amend**

On February 1, 2010, Plaintiff filed a document styled as a "Motion to Amend: Counts (1) Withholding of Street Files Containing Exculpatory Evidence, Count (2) Fifth and Fourteenth Amendment, Deprivation of Liberty Without Due Process, Motion for Judgment on the Pleadings 12(c)." On February 2, 2010, Plaintiff filed an "Amendment to Grant Relief in Complaint Based on 4 Year Delay" and on February 3, 2010, he filed an "Amendment of Rule

9(b) Under Federal Rules of Civil Procedure Exception to Statute of Limitation."[9] The Court is unable to discern any manner in which these filings in fact seek to amend Plaintiff's Complaint; Plaintiff appears instead to restate his arguments without raising any allegations that would refute the City's statute of limitations or *res judicata* defenses. In any event, the Court cannot grant Plaintiff leave to amend where such amendment would necessarily be futile. *See In re Madera*, 586 F.3d 228, 234 (3d Cir. 2009) (lower court did not abuse its discretion in denying plaintiffs' motion to amend where amending the complaint would have been futile; proposed amended complaint sought to press the exact same claims as plaintiffs asserted in previous litigation wherein defendants prevailed in a final judgment on the merits).[10] Here Plaintiff cannot overcome the expired statute of limitations and application of *res judicata*, no matter how he were to amend his Complaint. As such, to the extent that Plaintiff's Motions to Amend indeed seeks to amend the Complaint, said Motions will be denied.

## III. CONCLUSION

Assuming that all facts presented by Plaintiff's Complaint are true, Plaintiff has still

---

[9]While Plaintiff's "Amendment to Grant Relief" and "Amendment of Rule 9(b)" are not styled as motions and thus do not seek leave of Court to amend his Complaint, the Court liberally construes Plaintiff's pleadings as motions to amend his Complaint and analyzes them accordingly.

[10]The Court recognizes that, generally speaking, "district courts in civil rights cases must extend the plaintiff an opportunity to amend–irrespective of whether it was requested and irrespective of whether the plaintiff was counseled–before dismissing a complaint," and that this is particularly so where the plaintiff acts *pro se*. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). However, such a curative amendment is not required where it would prove inequitable, futile, or untimely. *See Wiltz v. Middlesex County Office of Prosecutor, 249* Fed. App'x 944, 950 (3d Cir. 2007) (affirming district court's dismissal of § 1983 action without leave to amend where plaintiff failed to state a claim and amendment would have been futile) (citing *Fletcher-Harlee*, 482 F.3d at 252).

failed to state a claim upon which relief can be granted; he simply cannot plead around the expired statute of limitations at issue and the preclusion of his claims by his previous litigation. Furthermore, the insufficiency of Plaintiff's Complaint and the lack of prejudice suffered by the City's delay in filing its Motion to Dismiss render default judgment an inappropriate remedy in this case. Finally, any amendment to his Complaint would be futile for these same reasons. As such, the City's Motion to Dismiss is granted; Plaintiff's Request for Default and Default Judgment and Motion for Court to Sign Judgment Under Rule 55 are denied; Plaintiff's Motions to Amend are denied; and Plaintiff's Motions to Grant Relief are denied as moot.